# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DONALD MCCABE ) | **CIVIL ACTION NO.** |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| FIRST SOURCE ADVANTAGE, LLC ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, DONALD MCCABE ("Plaintiff"), is a natural person who at relevant times resided in the State of South Carolina, County of Horry, and City of Myrtle Beach.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, FIRST SOURCE ADVANTAGE, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on August 26, 2011 at 11:02 A.M., and at such time, left the following voicemail message:

> "This message is for Don McCabe. This is Janelle calling from First Source Advantage. It's very important that I hear from you. Phone we can be reached at 1-866-671-3710. Refer to file number 19553689. Our office is open to 9 P.M eastern standard time."

13. In its voicemail message of August 26, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

14. Defendant's voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

15. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of August 26, 2011.

16. Defendant called Plaintiff's cellular telephone on August 30, 2011 at 8:16 A.M., and at such time, left the following voicemail message:

> "This confidential. Very important message for Don McCabe. This is Karen calling from First Source Advantage, LLC. It is very important, Sir, that you do contact our office. We are here from 8 a.m. till 9 p.m. eastern at 1-866-671-3710. And ask for file number 19553689, thank you."

17. In its voicemail message of August 30, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

18. Defendant's voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

3

19. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of August 30, 2011.

20. Defendant called Plaintiff's telephone on September 2, 2011 at 8:40 A.M., and at such time, left the following voicemail message:

> "Hello this is a message for Mr. Don McCabe from Ms. Berrick at First Source Advantage, LLC. It's very important to return the call. The toll free number is 1-888-2675214. This is in regard to reference number 19553689. Offices are open 8 a.m. till 9 eastern. Thank you."

21. In its voicemail message of September 2, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

22. Defendant's voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

23. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of September 2, 2011.

24. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

4

26. Defendant violated 15 U.S.C. § 1692(d)(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

5

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

29.   Plaintiff repeats and re-alleges each and every allegation contained above.

30.   Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31.    Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 29th day of December, 2011.

        Respectfully submitted,

        /s/ Holly E. Dowd
        Holly E. Dowd (S.C. Bar No. 77897)
        Weisberg & Meyers, LLC
        409A Wakefield Dr.
        Charlotte, NC 28209
        (888) 595-9111 ext. 260
        (866) 565-1327 (fax)
        hdowd@attorneysforconsumers.com

        ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

        Holly E. Dowd
        ***Weisberg & Meyers, LLC***
        5025 N. Central Ave. #602
        Phoenix, AZ 85012